```
              UNITED STATES DISTRICT COURT
                       FOR THE
                 DISTRICT OF VERMONT

Leon Andre Smith,              :
      Plaintiff,               :
                               :
    v.                         :    File No. 1:06-CV-247
                               :
Sue Blair, Kory Stone,         :
James Honsinger, Bennie        :
Woods,                         :
      Defendants.              :
```

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
(Paper 8)

Plaintiff Leon Andre Smith, a Vermont inmate proceeding *pro se*, brings this action claiming that prison staff allowed him to be assaulted by a fellow inmate. He also claims that he was removed from certain programming and from his prison job because of his involvement in the assault. Currently pending before the Court is Smith's motion for summary judgment.

The summary judgment motion is premature. Smith filed his complaint on December 14, 2006, and on January 18, 2007 filed a motion requesting appointment of a process server. The Court granted the motion, and waivers were issued. On February 20, 2007, prior to receiving a responsive pleading from the defendants, Smith filed his motion for summary judgment (Paper 8). The defendants filed a joint answer to the complaint on

July 5, 2007, approximately one week ago. The docket does not reflect any discovery activity in the case, and the parties have not yet submitted a discovery schedule.

Summary judgment should only be granted "[i]f *after discovery*, the nonmoving party 'has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000) (citations omitted) (emphasis in original). In other words, summary judgment may be granted before the completion of discovery "only in the rarest of cases." Hellstrom, 201 F.3d at 97. Generally, "[t]he nonmoving party must have 'had the opportunity to discover information that is essential to his opposition to the motion for summary judgment.'" Id. (quoting Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989)).[1]

Here, the complaint, Smith's motion for summary judgment, and the defendants' answer show the potential

---

[1] This is not to say that summary judgment is never appropriate at this stage in the case. For example, the parties may dispute the question of administrative exhaustion. Assuming that all relevant documents and supporting affidavits are properly submitted, courts may consider such an issue at the outset of a case. See, e.g., McCoy v. Goord, 255 F. Supp. 2d 233, 248-51 (S.D.N.Y. 2003).

2

for numerous contested issues of law and fact.  For example, the defendants deny that they were aware of an impending assault, and that they were unwilling to prevent the assault.  The defendants also submit that Smith's removals from his job and programming were unrelated to the assault.  Because the defendants have had little opportunity to either interview their own witnesses or to conduct discovery, it is inappropriate to award summary judgment to Smith at this time.  See Trebor, 865 F.2d at 511; Sutera v. Schering Corp., 73 F.3d 13, 18 (2d Cir. 1995) (reversing summary judgment entered before any discovery had taken place); Crystalline H2O, Inc. v. Orminski, 105 F. Supp. 2d 3, 7-8 (N.D.N.Y. 2000).  For these reasons, I recommend that Smith's motion for summary judgment (Paper 8) be DENIED without prejudice to refiling at a later stage in the case.

Dated at Burlington, in the District of Vermont, this 16th day of July, 2007.

<pre>
                              /s/ Jerome J. Niedermeier
                              Jerome J. Niedermeier
                              United States Magistrate Judge
</pre>

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).